**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 1 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JING HUA JIN,<br><br>Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>Respondent. | No.   14-71954<br><br>Agency No. A099-900-891<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 24, 2016**

Before:    REINHARDT, W. FLETCHER, and OWENS, Circuit Judges.

Jing Hua Jin, a native and citizen of China, petitions for review of the Board

of Immigration Appeals' order dismissing her appeal from an immigration judge's

decision denying her application for asylum and withholding of removal.   Our

jurisdiction is governed by 8 U.S.C. § 1252.   We review for substantial evidence

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.   *See* Fed. R. App. P. 34(a)(2).

the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the agency's determination that Jin did not demonstrate she timely filed her asylum application or that she qualified for an exception to the filing deadline. *See* 8 U.S.C. § 1158 (a)(3); *see also Ramadan v. Gonzales*, 479 F.3d 646, 649-54 (9th Cir. 2007) (explaining court has jurisdiction to review time-bar finding only when the underlying facts are undisputed). Thus, we dismiss the petition as to Jin's asylum claim.

Substantial evidence supports the agency's adverse credibility determination based on inconsistencies in Jin's testimony and between her testimony and declaration regarding the timing of her second abortion, and inconsistencies between Jin's testimony and declaration regarding her parents' arrest. *See Shrestha*, 590 F.3d at 1048 (adverse credibility finding reasonable under the totality of the circumstances). In the absence of credible testimony, Jin's withholding of removal claim fails.

**PETITION FOR REVIEW DISMISSED in part, DENIED in part.**